**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **WILLIE EPPS** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | **AW – 07 – 0586** |
| **PRINCE GEORGE'S COUNTY, MARYLAND** | : | |
| | : | |
| **Defendant.** | : | |

**OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S
FEES AND COSTS**

Comes now, Defendant, Prince George's County, Maryland, by and through undersigned counsel and the Office of Law, and hereby submits its Opposition to Plaintiff's Motion for Attorney's Fees and Costs and in support of said Opposition states that the attorney fees and costs requested are not reasonable in light of the complexity of the case and Plaintiff was not the prevailing party as to the claim for FMLA.

**I.      INTRODUCTION**

In his Motion to Attorney Fees and Costs [Doc. No. 83], Plaintiff requests that the Court award him attorney fees and costs in the total amount of $133,580.31.  Defendant Prince George's County, Maryland, contends that the fees and costs requested by Plaintiff are not reasonable and Plaintiff is not entitled to such fees pursuant to the Loadstar Rules.  Moreover, Defendant contends that Plaintiff was not the prevailing party on the FMLA claim and is not entitled to any attorney fees and costs associated with that claim.  Thus, Plaintiff's Motion for Attorney Fees and Cost should be reduced to reflect reasonable compensation for an attorney of Plaintiff's Counsel's experience based on the complexity of the issues, or lack thereof, in Plaintiff's case.

## II.    ARGUMENT

### A.    Fees and Costs requested are excessive and should be reduced.

It is clear and undisputed that Plaintiff was the prevailing party on his claim for retaliation and was awarded a judgment in the amount of $150,000.00.  Thus as the prevailing party on a Title VII claim, Plaintiff is entitled to an award of reasonable attorney fees.  The reasonableness of a request for attorney fees and costs is evaluated using the Local Rule 109.2 (b) which requires that "[a]ny motion for attorney's fees in civil rights and discrimination cases shall be prepared in accordance with the Rules and Guidelines For Determining Lodestar Attorneys' Fees in Civil Rights And Discrimination Cases that are an appendix to these Rules."  The rules and guidelines in Appendix B apply to cases in which a prevailing party would be entitled to reasonable attorneys' fees under 42 U.S.C. § 1988(b).  42 U.S.C. § 1988(b) states that in "any action or proceeding to enforce a provision of section…1983…the court, in its discretion, may allow the prevailing party…a reasonable attorney's fee as part of the costs…"  42 U.S.C. § 1983 protects any citizen from the deprivation of any "rights, privileges, or immunities secured by the Constitution and laws".  Thus, Motions for Attorneys' Fees in 42 U.S.C. § 1983 cases are subject to the Lodestar rules and guidelines.

In the present case, Plaintiff is requesting attorney's fees in the amount of $130,400.50 and costs in the amount of $3,179.81 as compensation for prevailing on a single count in a five count Second Amended Complaint [Doc. No. 14].  In short, Plaintiff prevailed on 1/5[th] of his claim.  First, common sense would dictate that some of the requested attorney's fees and costs were directly attributable to work performed in pursuit of Plaintiff's gender discrimination claim, on which he was not the prevailing party. Unfortunately, a more precise accounting of time attributable to each claim can not be more fully

discussed as Plaintiff did not provided this information to the Court or Defendant.  The "Time by Job Detail" attached to Plaintiff's Motion for Attorney's Fees and Costs does not distinguish time spent researching, conducting discovery, or trial preparation regarding each claim. Thus, this Court should reduce Plaintiff's request for attorney's fees by 1/5th of the stated amount, which would represent reasonable attorney's fees for prevailing on a single claim of retaliation.

As to Plaintiff's claim for costs, the "Expenses" report does provide information that enables this Court to distinguish the costs associated with each claim.  Specifically, costs associated with the depositions of Robin Oertly, Evelyn Clark, Barrington Jones, Ehsan Motazedi are clearly associated with pursuing the claim of gender discrimination.  None of these witnesses provided any information that supported Plaintiff's claim for retaliation. Thus, Plaintiff should not be awarded costs associated with the pursuit of the discrimination claim. Therefore, Plaintiff's claim for costs should be reduced by the amount of $1,007.00[1] leaving a balance of $2,172.81 for costs.

**B.      Plaintiff is not entitled to attorney's fees and costs associated with the FMLA claim.**

Plaintiff did not substantially prevail on the FMLA claim as evidenced by the jury's award of only nominal damages in the amount $1.00 based on technical violation.  As such, Defendant contends that Plaintiff is only entitled to attorney's fees that are reasonable in light of the amount of the judgment. *McDonnell v. Miller Oil Company, Inc.,* 134 F.3d 638; 1998 U.S. App. LEXIS 897; (E.D.Va. 1998).  In *McDonnell*, the Court noted that the Supreme Court recognized that "the most critical factor in calculating a reasonable fee award is the degree of success obtained, and when a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Id.* at 641.   Thus, the Court determined

---

[1] Defendant subtracted the costs for the deposition transcripts of Ms. Oertly, Evelyn Clark , Barrington Jones, Ehsan Motazedi and witness fee paid to Ms. Oertly.

that it was within its discretion to reduce the amount of attorney's fees to reflect the limited success obtained even though an award of attorney's fees is mandated. *Id.* As applied to the present case, it is clear that Plaintiff had limited success on his FMLA claim as reflected by the nominal award of $1.00. Thus, an award of attorney's fees and costs to Plaintiff should directly reflect his limited amount of success on this claim and should not exceed $100.00.

**C.   Duplicative billing, excessive hours and irrelevant matters should be not be compensated**

A review of the "Time by Job Detail" and "Expenses" accompanying Plaintiff's Motion for Attorney's Fees and Costs [Doc. No. 83] reveals that an excessive amount of time was spent on relatively simple legal issues, billing for the same item was duplicated, and time was spent preparing unnecessary pleadings and irrelevant matters. Specifically, Plaintiff is claiming 124.4 hours of trial preparation time and post-trial motion practice. This time charged is excessive for the work performed. Defendant's counsel expended approximately 64 hours, which represents time spent by three Associate County Attorneys. In addition, the time spent for Plaintiff's fee petition is excessive. Plaintiff is claiming 49.1 hours for the preparation of that petition. Pursuant to the Federal Rules, Plaintiff provided Defendant quarterly statements detailing the amount of attorney's fees and costs accrued during each quarter. Thus, it was a matter of cut and paste to prepare the fee petition, which should not amount to 49.1 hours.

Moreover, ADR did not require an expenditure of time amounting to 17.8 hours provided the number of years of experience Plaintiff's counsel possesses and the relatively simple legal issues presented. On that basis Plaintiff's claim for legal fees of $130,400.50 is excessive. Furthermore, it is noted that the bill in this case is for services rendered by all members of the Zipin firm. This is a

departure from the Appendix B guidelines which provides for compensation for one attorney at depositions and at hearings.

**D.      Plaintiff is entitled to a reduced amount of attorney's fees**.

In reviewing  Lodestar fees, the Court considers 12 factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the awards in similar cases.  *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974); *Hensley v. Eckerhart,* 461 U.S. 424, 434 n.9 (1983) (noting that the Court expressly approved consideration of the full range of *Johnson* factors). That in determining the amount of attorney's fees which a prevailing party may recover under 42 U.S.C § 1988, a district court must consider the degree of Plaintiffs' overall success.  *Fair Housing Council of Greater Washington v. Landow*, 999 F.2d 92 (4th Cir. 1993).  The Supreme Court in *Hensley* held, "[t]he extent of success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988.  *Hensley v. Eckerhart*, 461 U.S. at 434.  Plaintiff at bar did not succeed on all of his claims.

Appendix B sets forth the Guidelines for the award of attorney's fees in this case. Appendix B provides in pertinent part that:

a. Lawyers admitted to the bar for less than five years: $150.00-$190.00. (Greenberg and Haigler)

b. Lawyers admitted to the bar for five to eight years: $165.00-$250.00 (Kaplan and Lucas)

c. Lawyers admitted to the bar for nine to fourteen years: $225.00-$300.00.

d. Lawyers admitted to the bar for fifteen years or more: $275.00-$400.00. (Zipin and Brewer)

e. Paralegals and law clerks: $95.00-$115.00. (Bivens, Greenberg, and Phillip)

Accordingly, the total fee petition of $130,400.40 should be reduced to cover compensation of Greenberg and Zipin (only) at the reduced rates of:

| | | |
|---|---|---|
| **Greenberg (Attorney) 140 hours x $150.00/hour=** | | **$21,000.00** |
| **Greenberg (Paralegal) 50 hours x $95.00/hour=** | | **$4,750.00** |
| **Zipin 150 hours x $350.00/hour=** | | **$52,500.00** |
| **Total Hours =** | **340.00** | **Total Legal Fees =** | **$78,250.00** |
| | | **Reduced Total Costs + $2,172.81** |
| | | **Total Amount=** | **$80,422.81** |

From this amount, the Petition should be further reduced by dividing by 5 as Plaintiff has only prevailed on 1/5[th] of his claim. Plaintiff's victory on the FMLA claim was only for a technical violation as Plaintiff did not prove any damages flowing from this violation. This would leave a total balance of $16,084.56 for the recovery of reasonable fees and costs in this case on the one prevailing Count.

Respectfully submitted,

**STEPHANIE P. ANDERSON**
COUNTY ATTORNEY

**MARY C. CRAWFORD**
DEPUTY COURNTY ATTORNEY

_____ **/S/**
**Tonia. Y. Belton-Gofreed**
Associate County Attorney
Federal Bar No. 161767
**Shelley L.  Johnson**
Associate County Attorney
Federal Bar No. 15853
14741 Governor Oden Bowie Drive
Room 5121
Upper Marlboro, Maryland 20772
(301) 952-3941 voice
(301) 952-3071 facsimile
Counsel for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY** CERTIFY that on this **6**[th] day of **July 2009,** a copy of the foregoing Opposition to

Petition for Attorney's fees was e-filed and mailed to:  Philip Zipin and Gregg Greenberg, at LLC., 8403

Colesville Road, Suite 610 Silver Spring, Maryland 20910, *Attorneys for Plaintiff.*

_____ /s/
**Tonia Y. Belton-Gofreed**