**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)**

| | |
|---|---|
| WILLIE EPPS, JR., )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>PRINCE GEORGE'S COUNTY, )<br>MARYLAND, )<br>)<br>  Defendant. )<br>) | Case No.: AW-07-0586 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
PLAINITFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

Plaintiff Willie Epps, Jr. ("Plaintiff"), by and through undersigned counsel, hereby replies to Defendant's Opposition to Plaintiff's Motion for Attorney's Fees and Costs ("Motion"). In its Opposition, Defendant requests that the Court reduce Plaintiff's request for attorney's fees and costs from the requested amount of $133,580.31 to a total amount of $16,084.56. In support of its requested reduction, Defendant contends: (1) Plaintiff's "limited success" does not entitle him to his requested attorney's fees and costs; and (2) Plaintiff's billing was excessive. As set forth below, Defendant's arguments are unpersuasive and, as a consequence, Plaintiff's Motion must be granted.

**ARGUMENT**

**I.   THE ATTORNEY'S FEES REQUESTED BY PLAINTIFF ARE
REASONABLE AND SHOULD NOT BE REDUCED.**

Defendant asserts that Plaintiff's attorney's fees award should be reduced to reflect Plaintiff's "limited success" at trial. Such an argument is unsupportable. On Plaintiff's Claim against Defendant for retaliation in violation of Title VII, the jury entered an exceptional verdict

in favor of Plaintiff in the amount of $150,000.00.  On Plaintiff's Claim against Defendant on his Family Medical Leave Act ("FMLA") claim, the jury found in favor of Plaintiff in the amount of $1.00.  On Plaintiff's Claim against Defendant on his Maryland Public Information Act ("MPIA") claim, Plaintiff was successful as Defendant conceded liability.  As a consequence, Plaintiff was successful on three (3) of his five (5) claims and not one (1) of five (5) as Defendant suggests.

Notwithstanding Plaintiff's exceptional success at trial, Defendant argues that Plaintiff's attorney's fees should be reduced to reflect Plaintiff's failure to receive a favorable jury verdict[1] on his counts for age and gender discrimination.  In support, Defendant cites *Hensley v. Eckerhart,* 461 U.S. 424 (1983).  Defendant cites *Hensley* but - - for whatever reason - - omits the Court's analysis regarding Defendant's argument for reduced fees.  Indeed, the Supreme Court considered the argument raised by Defendant and flatly rejects it.  The Supreme Court noted, in pertinent part, as follows:

> Where the plaintiff failed to prevail on a claim unrelated to the successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee.  ***Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised.***

*Hensley v. Eckerhart*, 461 U.S. at 424. (emphasis supplied).

Indeed, a prevailing plaintiff need not win every motion and prevail on every alternate theory of recovery to receive fully compensable fees. Only time spent on unsuccessful claims that are "distinct in all respects" from the successful claims should be excluded form the lodestar. *Hensley*, 461 U.S. at 440. "It is not necessary that a plaintiff succeed on all the significant issues,

---

[1] Plaintiff's count for age discrimination was adjudicated against Plaintiff on Summary Judgment and was not presented to the jury.  As a consequence, Plaintiff incurred no fees or costs associated with his age discrimination claim following the Court's Order on Summary Judgment.

or that the Court award all of the monetary, declaratory or injunctive relief sought in the complaint." *Spell v. McDaniel*, 616 F. Supp. 1069, 1081 (D.N.C. 1985), *aff'd in part, vacated in part*, 824 F.2d 1380 (4th Cir. 1987) (affirming all fees awarded by district court except contingency enhancement), *cert. denied*, 484 U.S. 1027 (1988).

In the instant case, Plaintiff's allegations of age and gender discrimination were directly related to his count for Title VII retaliation. To make a *prima facie* case of retaliation, Plaintiff had the burden of proving that he was engaged in a protected activity.  Here, the triggering protected activity was Plaintiff initiating a charge of age and gender discrimination with the Equal Employment Opportunity Commission ("EEOC").  Indeed, the same facts that supported Plaintiff's counts for discrimination were the exact facts that Plaintiff presented to the jury to prove his count for retaliation.  Accordingly, the direct relationship between Plaintiff's discrimination counts and his count for retaliation precludes a piecemeal reduction of attorney's fees commensurate with Plaintiff's two (2) unsuccessful discrimination counts.  On the contrary, Plaintiff's outstanding success on his related count for retaliation dictates a full reward to Plaintiff in the total amount of his requested attorney's fees and costs.

Defendant further argues that Plaintiff's fees should be reduced because Plaintiff allegedly enjoyed "limited success" on his FMLA claim as reflected by the nominal damages awarded from the jury.  Defendant's premise of proportionality between the size of the verdict and the attorney's fees sought is contrary to law.  The Supreme Court foreclosed such an approach decades ago. *See City of Riverside v. Rivera*, 477 U.S. 561, 578 (1986) ("A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious… claims but relatively small potential damages to obtain redress from the courts."); *see also Walston v. School Bd. Of City of Suffolk,* 566 F.2d 1201 (4th Cir. 1977).  As recognized by the

Supreme Court, "[u]nlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms." *Blanchard v. Bergeron,* 489 U.S. 87, 96 (1989). "[A] successful civil rights plaintiff often secures important social benefits that are not reflected in nominal or relatively small damages awards," including "the deterrence of civil rights violations in the future." *City of Riverside,* 477 U.S. at 474-75.

> Congress expressly recognized that a plaintiff who obtains relief in a civil rights lawsuit does so not for himself alone but also as a private attorney general vindicating a policy that Congress considered of the highest importance. If the citizen does not have the resources, his day in court is denied him; the congressional policy which he seeks to assert and vindicate goes unvindicated; and the entire nation, not just the individual citizen, suffers.

*Id.* at 575 (internal citations omitted).

The landmark case discussing awards of attorney's fees for a plaintiff who receives only nominal damages in a civil rights action is *Farrar v. Hobby*, 506 U.S. 103 (1992). In *Farrar*, the Court held that a plaintiff who is awarded nominal damages is considered a prevailing party for the purposes of the statute. *Id.* at 111.   In her concurring opinion in *Farrar*, Justice O'Connor stated: "[n]ominal relief does not necessarily a nominal victory make." *Id.* To expand on this notion, Justice O'Connor identified three (3) factors that a court should consider in determining if an award of nominal damages should be viewed by the Court as a successful verdict for the plaintiff. "[F]irst, the difference between the judgment recovered and the recovery sought; second, the significance of the legal issue on which the plaintiff prevailed; and third, the public purpose served by the litigation." *Cartwright v. Stamper*, 7 F.3d 106, 109 (7th Cir.1993) (*citing Farrar*, 506 U.S. at 112).

In the instant case, the jury ruled in Plaintiff's favor on his FMLA claim and awarded Plaintiff $1.00 in damages. Plaintiff did not suffer wage loss or request recovery of medical expenses. Accordingly, $1.00 was the total damages that Plaintiff could request by law and was the maximum amount the Court allowed the jury to award on Plaintiff's FMLA claim. *See* Jury Instruction 16 ("If you find for [Plaintiff] that [Defendant] violated [Plaintiff's] rights under the FMLA, you may award nominal damages. Nominal damages are awarded in the amount of one dollar ($1.00)"). The jury's verdict trumpeted a strong message to Defendant that in the future it may not discriminate and/or retaliate against an employee for asserting his rights under the FMLA. In consideration of Plaintiff's receipt of a maximum recovery under the FMLA and the future policy value of the jury's FMLA verdict, Plaintiff is entitled to, and must receive, the award of attorney's fees and costs requested in his Motion.

## II.     THE ATTORNEY'S FEES REQUESTED ARE NOT EXCESSIVE.

Defendant argues that the total fees requested by Plaintiff should not be awarded because the time spent by Plaintiff's attorney's was excessive.[2] Defendant identifies three areas of billing where Plaintiff has allegedly billed excessively. First, Defendant argues that the time Plaintiff spent preparing for trial and responding to post-trial motions was excessive. The total sum of Defendant's argument is an allegation that Defendant devoted only 64 hours for trial preparation and post-trail motion practice.[3] This is not an argument, but rather a statement of alleged fact.

---

[2] Defendant alleges that Plaintiff's attorney's fees are excessive but completely ignores that Defendant's actions brought about a large portion of the attorney's fees incurred. Throughout the litigation of this matter, Plaintiff was left with no choice but to file several motions for sanctions on discovery issues increasing Plaintiff's attorney's fees. The most notable - - and disingenuous - - action by Defendant to drive up fees was Defendant's Motion to Dismiss because Plaintiff filed suit against "Prince George's County" rather than "Prince George's County, Maryland." It was this type of unnecessary and collateral litigation, initiated by Defendant, which has driven Plaintiff's fees to their current total.

[3] Defendant has proffered no billing records supporting its allegation that it only devoted 64 hours to its trial preparation.

Assuming, *arguendo*, Defendant devoted such a limited amount of time to its trial preparation and post-trial motions, Plaintiff reminds the Court that Defendant lost substantially at trial and the Court denied all three (3) of its post-trial motions.  Respectfully, Defendant maybe should have devoted more time to its own trial preparation and post-trial motions rather than accuse Plaintiff's counsel of excessive preparation.

Indeed, each hour Plaintiff's counsel devoted to trial preparation in this matter was necessary and reasonably calculated to best ensure a successful trial verdict.  Further, the time spent by Plaintiff's counsel responding to Defendant's three (3) post trial motions was not excessive.  Following the jury verdict in Plaintiff's favor, Defendant filed a Motion for Judgment as a Matter of Law, Judgment Notwithstanding the Verdict, and Remittitur.  Responding in opposition to Defendant's Motions required Plaintiff's counsel to spend large amounts of time reviewing the trail record to respond to false factual allegations set forth by Defendant and to provide the court with a well reasoned analysis in opposition to Defendant's legal arguments.  As a consequence of Plaintiff's counsel's diligent efforts, Defendant's post-trial motions were denied and Plaintiff's judgment award has not been revoked or reduced.

Second, Defendant contends that the 49.1 hours Plaintiff's counsel devoted to preparing Plaintiff's Motion for Attorney's fees and Costs was excessive.  Defendant asserts that Plaintiff should not have spent very much time at all, but rather should have "cut and pasted" a fee petition from his last quarterly report.  Such an effort would have been insufficient.  To prepare a fee petition in accordance with the Local Rules, counsel must first review each billing record and refine each entry to make appropriate reductions for duplicative billing.  Once Plaintiff's counsel refines the billable hours, Plaintiff's counsel must then organize the time into the appropriate subsections identified by Appendix B of the Local Rules.  Once the records are appropriately

6

refined and defined, a petition for fees requires a carefully crafted motion that analyzes the legal basis for an award of attorney's fees and present detailed support of the twelve (12) part analysis that a Court considers prior to awarding attorney's fees pursuant to the lodestar analysis. Plaintiff's Motion fully complies with the requirements of law and the Local Rules.  Absent an identifiable objection by Defendant as to any particular time billed while drafting Plaintiff's Motion, all time devoted to the motion must be compensable.

Finally, Defendant argues that the 17.8 hours that Mr. Zipin billed for preparing for and attending ADR was excessive.  Such an argument is without merit.  Mr. Zipin, alone, prepared Plaintiff's pre-ADR statement for both ADR sessions, reviewed Plaintiff's file prior to attending the ADR sessions, and attended both ADR sessions.  Each ADR session was lenghty; however, the long duration was not caused by Plaintiff, but rather by Defendant's continued refusal to offer any amount toward a settlement of this matter.  Absent an identifiable objection by Defendant to any particular time billed while preparing for or attending ADR, all time devoted to ADR must be compensable.

As noted in Plaintiff's Motion, and as reiterated herein, each hour that Plaintiff's counsel devoted to this matter was necessary and reasonably calculated to ensure that Plaintiff received the best representation that Plaintiff's counsel could provide.  As a consequence, all hours Plaintiff's counsel devoted to this matter were not excessive and must not be reduced.

## **CONCLUSION**

As set forth herein, and articulated in greater detail in Plaintiff's Motion, Plaintiff is entitled to all fees and costs requested in Plaintiff's Motion ($133,580.31).  Additionally, Plaintiff is entitled to, and must be awarded, fees in the amount of $2,997.00 ((G. Greenberg

$190.00 x 14.3 hours = $2,717.00) + (P. Zipin $400.00 x 0.7 hours = $280.00) = $2,997.00) for all time devoted to the instant Reply.

      WHEREFORE, Plaintiff requests that this honorable Court grant Plaintiff an award of attorney's fees and costs in the total amount of $136,577.31.

                                  Respectfully submitted,

                                  _____/s/_____
                                  Philip B. Zipin #3932
                                  Gregg C. Greenberg #17291
                                  The Zipin Law Firm, LLC
                                  8403 Colesville Road, Suite 610
                                  Silver Spring, MD 20910
                                  (301) 587-9373 (Phone)
                                  (301) 587-9397 (Fax)
                                  Email: pzipin@zipinlaw.com
                                                ggreenberg@zipinlaw.com

                                  *Counsel for Plaintiff*